

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-77,047

### KENNETH DEWAYNE THOMAS, Appellant

### v.

### THE STATE OF TEXAS

### ON DIRECT APPEAL FROM CAUSE NO. F86-85539-M
### IN THE 194TH JUDICIAL DISTRICT COURT
### DALLAS COUNTY

*Per curiam.*

### ORDER

In July 2014, appellant was convicted of capital murder and sentenced to death. His direct appeal is currently pending before this Court. On June 22, 2015, appellate counsel John Tatum filed appellant's brief in this Court. On October 16, 2015, the State filed a "Motion to Abate or, in the Alternative, Extend the Time to File Brief," in which it alleged that numerous items were missing from the appellate record. On November 25, 2015, we abated the appeal and remanded this cause for the trial court to make findings of fact regarding whether the record was complete when Tatum filed appellant's brief, and if

not, to determine what documents Tatum relied upon when he filed the brief. We also directed the trial court to make findings whether the appellate record currently contains all of the relevant items that are either required by statute or were requested by the parties. We further ordered the trial court to make findings of fact as to whether it complied with Article 26.052(k) of the Texas Code of Criminal Procedure when it appointed Tatum to represent appellant on appeal.

On remand, the trial court held hearings in which Clarie Moses from the district clerk's office appeared as a witness and the parties offered copies of some of the missing documents as exhibits. The trial court found that the clerk's record "was not complete at the time Tatum filed [appellant's] brief." In its findings of fact, the trial court listed numerous documents that were missing from the clerk's record at the time Tatum filed the brief. The trial court found that the record had been supplemented with some of the missing documents, and it ordered the district clerk to prepare a supplemental clerk's record containing the remaining items. This Court has received several supplements from the district clerk. Based on our review of these supplements, it appears that the documents identified as missing by the trial court have now been included in the appellate record.

In the trial court's hearing on January 29, 2016, Tatum briefly addressed the documents he relied upon when he prepared appellant's brief. The trial court found that Tatum said he "had actual accurate copies of some of the documents, like the punishment

jury charge," and he "also had copies of motions that were filed in the reporter's record."[1] The trial court found that Tatum intended "to file an amended brief with the correct page citations" after the clerk's record was supplemented, and "it would raise no new particular issues." This Court has now received the amended brief.

We next turn to the issue of whether or not the trial court complied with Article 26.052(k) of the Texas Code of Criminal Procedure when it appointed Tatum as appellate counsel. Article 26.052(k) provides that the court may not appoint an attorney as counsel on appeal if the attorney represented the defendant at trial, unless: (1) the defendant and the attorney request the appointment on the record; and (2) the court finds good cause to make the appointment. Here, the trial court found that "Tatum represented Thomas at the time of trial, however, it was as Thomas' *appellate* attorney." Therefore, the trial court found that it "complied with Article 26.052(k)."

The trial court relied on Tatum's statements at the hearing on January 29, 2016, in which Tatum said in pertinent part:

> Originally, Ms. Brook Busbee and Juan Sanchez were appointed to represent the defendant, Mr. Thomas. And they did in their investigation get prepared for trial. And at some point in time, Mr. Sanchez asked me if I would participate as the appellate counsel. And I said, yes. And I know he went to the Court with a written motion requesting appellate counsel and the Court granted [it] and I was appointed to assist counsel in whatever appellate issues may arise, having had a lot of appellate experience. And in that vain [sic], I was appointed.

---

[1] At the hearing, Tatum did not offer into evidence copies of the documents and motions that he relied upon when he wrote the brief.

There were times I did appear to assist them in the courtroom, but I was not here to take any witnesses, to do any independent investigation, or to present any factual jury argument to the jury. I was asked sometimes to make legal arguments regarding certain legal issues that came up in a very complicated trial to the Court and to make certain objections. And to make sure that certain items or issues were preserved for appellate review. In that sense, I did assist trial counsel in doing that.

I noticed from the appellate record as it was typed up that my name appears consistently with reference to trial counsels in the beginning of each volume. And I didn't ask to be put that way. It was just the way it was typed up. And [I] was not here during all the voir dire, even though there were times I would appear if there were issues that needed to be discussed. But any reference to me being here all the time would not be accurate. And I did not make any jury argument in that regard.

So as far as the [remand] order requesting clarification on that, that's the best I can do. I was the appellate lawyer. And so [I] took over the defense of the appeal or the prosecution of the appeal for Mr. Thomas, after trial counsel had finished and a verdict had come back.

Tatum explained that his only involvement in the trial was to make legal arguments and objections and to preserve claims for appellate review. Indeed, the record shows that Tatum made multiple arguments and objections many times throughout the course of the trial. However, our review of the record reveals that Tatum did even more than that. For example, Tatum signed and submitted at least twenty-three motions to the trial court, including discovery motions, a motion in limine, and several motions challenging the constitutionality of the Texas death penalty statute. Further, although Tatum said at the hearing that he did not "take any witnesses" at trial, this is not supported by the record. Outside the presence of the jury, when Tatum presented the defense's objections to the punishment charge, Tatum called Dr. Toni McGarrahan to

explain why the defense's requested definition of "significantly sub-average general intellectual functioning" should be included in the charge.[2]

We see nothing in the record before us showing that *appellant* and Tatum requested Tatum's appointment as appellate counsel on the record and that the trial court found good cause to make the appointment, as required by Article 26.052(k). We assume this is because the trial court does not believe that Tatum represented appellant at trial. We disagree. Tatum's involvement in the trial rose to the level where he was functioning as trial counsel.[3] Therefore, the trial court was required to comply with the dictates of Article 26.052(k).

We remand this cause to the trial court to determine whether appellant and Tatum ever made a request on the record for Tatum to continue as appellate counsel. *See* Art. 26.052(k)(1). If they did not make such a request, then the trial court shall inquire on the record whether appellant and Tatum want to continue with the current arrangement. If appellant wishes to continue with Tatum as appellate counsel, then the trial court shall determine if there is good cause to make the appointment. *See* Art. 26.052(k)(2). If appellant does not want to continue with Tatum, or if the trial court finds that good cause

---

[2] When Tatum called McGarrahan to "give an expert's reason" supporting the use of that particular definition, he requested and received permission from the trial court for McGarrahan to "do it in free narrative." However, both Tatum and the prosecutor questioned McGarrahan about this issue.

[3] We note that the trial court repeatedly referred to Tatum during individual voir dire as "the third member of the Defense team."

does not exist, then the trial court shall appoint new appellate counsel.

On remand, the trial court may make any further findings and conclusions necessary to the resolution of this issue.  The trial court is instructed to resolve this issue within 30 days of the date of this order, after which the record of the proceedings on remand shall be immediately sent to this Court.  No motions for extension of time shall be entertained.

IT IS SO ORDERED THIS THE 4TH  DAY OF MAY, 2016.

Do not publish